FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ APR 17 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TRUSTEES OF THE PAVERS AND ROAD
BUILDERS DISTRICT COUNCIL WELFARE,
PENSION, ANNUITY AND APPRENTICESHIP,
SKILL IMPROVEMENT AND SAFETY FUNDS,

                        Plaintiffs,

    -against-

HEAVY CONSTRUCTION CO, INC.,

                        Defendant.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**

11-CV-2409 (SLT)(RML)

**TOWNES, United States District Judge:**

In a Memorandum and Order dated September 28, 2012 (the "Prior M&O"), this Court granted plaintiffs' motion for a default judgment to the extent of awarding plaintiffs $68,738.65 for contributions owed for December 2010 and May 2011 through August 2011, plus pre-judgment interest on this amount at the rate of 10% per annum; liquidated damages in the amount of $13,747.73; $13,892.53 in interest owed on prior late contributions; $3,220.00 in attorneys' fees and $485.00 in costs. This Court directed plaintiffs to calculate interest on the $68,738.65 in a manner described in the Prior M&O and to submit a proposed judgment. However, this Court also granted plaintiffs leave to provide (1) revised submissions relating to the August 2011 contributions and (2) supplemental briefing with respect to the issue of whether the plan provided for liquidated damages of 20% at the times relevant to this action.

In response to the Prior M&O, plaintiffs have submitted a proposed judgment and a four-page declaration signed on October 4, 2012, by Joseph Montelle, Administrator of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Training Funds (the "Montelle Declaration"). The Montelle Declaration states

that the contributions owed by defendant for the months of May 2011 and June 2011 were paid on December 19, 2011, and that the contributions owed for the months of July 2011 and August 2011 were paid on February 10, 2012. Montelle Declaration at ¶ 8. However, the $16,415.20 in contributions owed by defendant for the month of December 2010 have yet to be paid. *Id.*

The Montelle Declaration calculates the interest due on the unpaid December 2010 contributions using a methodology similar – but not identical – to that described in the Prior M&O. First, Mr. Montelle calculates the daily interest due on the $16,415.20 by dividing the annual interest (*i.e.*, 10% of $16,415.20 or $1,641.52) by 365. Mr. Montelle then multiplies the daily interest (which he rounds up to $4.50) by 608: the number of days between the date on which the December 2010 contributions became due (*i.e.*, 35 days after the last day of December 2010, or February 4, 2011) and October 4, 2012 – the date the Montelle Declaration was executed. Using this methodology, Mr. Montelle calculates that defendant owes $2,736.00 in interest on the December 2010 contributions as of October 4, 2012. Montelle Declaration at ¶12.

The Montelle Declaration does not use this same methodology in calculating the interest due on delinquent contributions for the period from May 2011 through August 2011. Rather, it cites to an "interest statement" – a series of five computer-generated spreadsheets attached to the Montelle Declaration as Exhibit E – in asserting that defendant "owes interest on the late payments of the May 2011 through August 2011 contributions of $2,332.01." *Id.* at ¶ 15.

The Montelle Declaration does not provide a revised submission relating to the August 2011 contribution and continues to represent that defendant owed $15,480.40 – not $15,490.40 – for the month of June 2011. However, the declaration does attach copies of various Trust Agreements which provide for liquidated damages in the amount of 20%. *Id.*, Ex. C. Using the 20% figure, Mr. Montelle calculates the liquidated damages due on the contributions for

2

December 2010 to be $3,283.04 (*i.e.*, 20% of $16,415.20), *id.* at ¶ 12, and liquidated damages due on the contributions for May 2011 through August 2011 to be $10,462.63 (*i.e.*, 20% of $52,313.15). *Id.* at ¶ 14.[1]

In the proposed judgment, plaintiffs seek (1) contributions in the amount of $16,415.20 for December 2010; (2) $2,736.00 in interest on that amount; and (3) liquidated damages in the total amount of $13,745.67. In addition, plaintiffs seek to recover interest for previous late payments of contributions in the amount of $16,224.44, and attorneys' fees and costs in the amount of $3,747.69. This Court assumes that the $16,224.44 consists of $13,892.53 in interest owed on prior late contributions, *see* Amended Complaint at ¶11, plus the $2,332.01 in interest which plaintiffs seek with respect to the late contributions for May 2011 through August 2011. However, the amount plaintiffs request for attorneys' fees and costs exceeds by $42.69 the amounts granted in the Prior M&O, which awarded $3,220.00 in attorneys' fees and $485.00 in costs. Neither the Montelle Declaration nor any of the other documents submitted by plaintiffs in response to the Prior M&O explains the proposed increase in these amounts.

In light of the information set forth in the Montelle Declaration, this Court will award contributions in the amount of $16,415.20 for December 2010. This Court will also award $2,736.00 in interest on that amount for the period through October 4, 2011, since the methodology Mr. Montelle used to calculate the interest is acceptable. However, this Court finds the documentation which plaintiffs offer in support of the request for $2,332.01 in interest on the

---

[1] Although Mr. Montelle states that the delinquent contributions for the period from May 2011 to August 2011 totaled $52,313.15, they actually total $52,313.45 (*i.e.*: $13,250.65 + $15,480.40 + 13,872.00 + $9,710.40). The liquidated damages due for this period are, therefore, $10,462.69.

delinquent contributions for May 2011 through August 2011 to be inadequate. The Montelle Declaration offers no explanation of how to read the "interest statement" which allegedly serves as the basis for this request, and the "interest statement" itself is not self-explanatory.

Notwithstanding the inadequacy of this documentation, this Court can calculate the interest on the May, June, July and August 2011 contributions using information supplied in the Montelle Declaration. That declaration states, in pertinent part:

> The payment of contributions for May 2011 of $13,250.65 was submitted on December 19, 2011. The payment of contributions for June 2011 of $15,480.40 was submitted on December 19, 2011. The payment of contributions for July 2011 of $13,872.00 was submitted on February 10, 2012. The payment of contributions for August 2011 of $9,710.40 was submitted on February 10, 2012.

Montelle Declaration at ¶8. Plugging this information into the formula used by Mr. Montelle in calculating the interest owed on the unpaid December 2010 contributions, this Court calculates the interest owed for the May, June, July and August 2011 contributions as follows:

| (A) Month | (B) Amount of Contributions owed | (C) Annual Interest: (B) x .10 | (D) Daily Interest: (C) / 365 | (E) Due Date | (F) Date Contributions rec'd | (G) Days between (E) & (F) | (H) Interest Owed: (D) x (G) |
|---|---|---|---|---|---|---|---|
| 5/2011 | $13,250.65 | $1,325.07 | $3.63 | 7/5/11 | 12/19/11 | 167 | $606.21 |
| 6/2011 | $15,480.40 | $1,548.04 | $4.24 | 8/4/11 | 12/19/11 | 137 | $580.88 |
| 7/2011 | $13,872.00 | $1,387.20 | $3.80 | 9/4/11 | 2/10/12 | 159 | $604.20 |
| 8/2011 | $9,710.40 | $971.04 | $2.66 | 10/5/11 | 2/10/12 | 128 | $340.48 |

Accordingly, this Court will award a total of $2,131.77 (*i.e.*, $606.21 + 580.88 + 604.20 + 340.48) in interest on the delinquent contributions for the months of May 2011 through August

2011. For the reasons set forth in the Prior M&O, this Court will also award the $13,892.43 in interest owed on prior late contributions.

In addition, this Court will award liquidated damages in the amount of 20% of the late contributions. Article IX, section 1, of the Collective Bargaining Agreement between defendant and The Highway, Road and Street Construction Laborers Local Union 1010 of the District Council of Pavers and Road Builders of the Laborers' International Union of North America, AFL-CIO, provides, *inter alia*, that defendant "is bound by all of the terms and conditions of the Agreements and Declarations of Trust with respect to the Welfare Fund, Pension Fund, Training Fund and Annuity Fund, which . . . are hereby made part of this Agreement and are incorporated herein." Article VII, section 9, of each of those Trust Agreements – attached as Exhibit C to the Montelle Declaration – provides, in pertinent part:

> An Employer that does not pay contributions when due shall be obligated to pay all of the following in addition to any penalties required under any applicable collective bargaining agreement . . . :
>
> (a) the unpaid contribution;
>
> (b) interest on the unpaid contributions at such rates as the Trustees may fix from time to time or in particular cases;
>
> (c) an amount equal to the greater of – (i) interest on the unpaid contributions at the rate specified above; or (ii) liquidated damages of twenty percent (20%) of the amount of the unpaid contributions, or such higher percentage as may be permitted under applicable law.

In light of these contractual provisions, this Court finds that plaintiffs are entitled to recover $13,745.73 – that is, 20% of the $68,728.65 in contributions which defendant failed to pay when due.

However, plaintiffs' submissions do not suggest any basis for increasing the award of attorney's fees and costs to $3,747.69. Accordingly, as provided in the Prior M&O, this Court will award $3,220.00 in attorneys' fees and $485.00 in costs.

## *CONCLUSION*

For the reasons set forth above, this Court will enter a default judgment in favor of plaintiffs Trustees of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Safety Funds and against defendant Heavy Construction Co, Inc., in the amount of $52,626.13. This amount consists of $16,415.20 in unpaid contributions for December 2010; the $2,736.00 in interest owed on the December 2010 contributions as of October 4, 2012; $2,131.77 in interest owed on the delinquent contributions for the months of May 2011 through August 2011; $13,892.43 in interest owed on prior late contributions; $13,745.73 in liquidated damages; $3,220.00 in attorneys' fees and $485.00 in costs.

**SO ORDERED.**

s/SLT

SANDRA L. TOWNES
United States District Judge

Dated: April 12, 2013
Brooklyn, New York